2014-1612, -1655

_____

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT
_____

**PARKERVISION, INC.,**

*Plaintiff - Appellant,*

v.

**QUALCOMM INCORPORATED,**

*Defendant - Cross-Appellant.*

_____

Appeal from the United States District Court for the Middle District of Florida
in Case No. 3:11-cv-00719-RBD-JRK, Honorable Roy B. Dalton, Jr.

_____

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE
BRIEF *AMICUS CURIAE* OF DANIEL B. RAVICHER
IN SUPPORT OF PLAINTIFF-APPELLANT PARKERVISION**

_____

                                          Daniel B. Ravicher
                                          Ravicher Law Firm
                                          2000 Ponce De Leon Blvd, Ste. 600
                                          Coral Gables, Florida 33134
                                          (786) 505-1205

October 5, 2014                              *Counsel for Amicus Curiae*

# **CERTIFICATE OF INTEREST**

Counsel for *amicus curiae* Daniel B. Ravicher certifies the following:

1. The full name of every party or amicus represented by me is:

   DANIEL B. RAVICHER

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

   NONE

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

   NONE

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

   DANIEL B. RAVICHER

Dated: October 5, 2014                     /s/ Daniel B. Ravicher
                                                                                             Daniel B. Ravicher
                                                                                             *Counsel for Amicus Curiae*

## ARGUMENT

Defendant-Cross-Appellant Qualcomm does not dispute that I am qualified to provide the Court with assistance in its consideration of this case. Nor does Qualcomm dispute that I offer the Court a unique perspective on issues of patent public policy due to my more than a decade of experience as a *pro bono* public service patent attorney. Qualcomm also does not dispute that my amicus brief addresses issues not addressed by Plaintiff-Appellant in its opening brief. Indeed, Qualcomm argues the issues addressed in my brief are not addressed by Plaintiff-Appellant at all. Thus, there is no serious substantive objection to my brief.

Regarding procedural objections, Qualcomm does not dispute that it would have consented to the filing of my amicus brief had I merely disclosed any positions I may have in Plaintiff-Appellant. Therefore, Qualcomm does not believe my having a position is reason to object to my brief, otherwise it would not consent if I merely disclosed any such position. Thus, if the Court presumes I have a position, Qualcomm cannot object to the filing of my brief, because there is no difference between the Court presuming I have a position and my disclosing one.

Further, Qualcomm concedes I stated in my brief that I have an interest as a public interest patent attorney and patent academic in raising the broad

Constitutional civil liberty issues at stake in this case for the Court to consider. Indeed, in the series of tweets Qualcomm provided in its response, I expressed precisely this interest:



Teter Decl. Ex. 1. Thus, my amicus brief complies with Rule 29(b).

The Court has, and should continue to have, a liberal policy of accepting amici briefs, especially those that raise important Constitutional civil liberty issues like mine does in this case. If, however, the Court should wish that I disclose any position I may have in Plaintiff-Appellant, I will respect and comply with such a request because it is important to me that the Court consciously consider the effect its decision in this case will have on the Seventh Amendment in patent cases.

## CONCLUSION

For these reasons, I respectfully request that the Court grant the motion.

Dated:　　October 5, 2014　　　　　　　/s/ Daniel B. Ravicher
　　　　　　　　　　　　　　　　　　　　Daniel B. Ravicher
　　　　　　　　　　　　　　　　　　　　Ravicher Law Firm
　　　　　　　　　　　　　　　　　　　　2000 Ponce De Leon Blvd, Ste. 600
　　　　　　　　　　　　　　　　　　　　Coral Gables, Florida 33134
　　　　　　　　　　　　　　　　　　　　(786) 505-1205

　　　　　　　　　　　　　　　　　　　　*Counsel for Amicus Curiae*

# CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing and served the following counsel, who are registered CM/ECF users, through the Court's CM/ECF filing system:

| | |
|---|---|
| Donald Robert Dunner, Esq.<br>Finnegan, Henderson, Farabow,<br>Garrett & Dunner, LLP<br>901 New York Avenue, NW<br>Washington, DC 20001<br>don.dunner@finnegan.com | Timothy Teter, Esq.<br>Cooley LLP<br>3175 Hanover Street<br>Palo Alto, CA 94304<br>teterts@cooley.com |
| *Counsel for Plaintiff – Appellant* | *Counsel for Defendant – Cross-Appellant* |

Dated: October 5, 2014                         /s/ Daniel B. Ravicher
                                                                  Daniel B. Ravicher
                                                                  *Counsel for Amicus Curiae*